IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:12-CR-199-VEH-RRA |
| ) | |
| BADRA KABA, ) | |
| ) | |
| Defendant. ) | |

## Memorandum of Opinion and Order

This matter is before the court on Defendant's Motion for New Trial as to Count 3. (Motion, Doc. 55). The Motion is expressly brought "pursuant to FED. R. CRIM. P. 33." (*Id.*, p. 1). The Motion has been opposed by the Government. (Opposition, Doc. 57). Upon consideration, the Motion is **DENIED**.

**I.    INTRODUCTION.**

On August 23, 2012, Defendant Badra Kaba ("Kaba") was found guilty by a jury verdict of the following: one count of knowing possession of fifteen or more counterfeit or unauthorized access devices with the intent to defraud, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2 (Count One); one count of knowing possession of access device-making equipment with the intent to defraud, in violation of Title 18, United States Code, Sections 1029(a)(4) and 2 (Count Two);

and one count of knowing possession or use of a real person's means of identification during and in relation to the crime charged in Count One of the indictment, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Three). (*See* Indictment, doc. 4; *see also* Jury Verdict, doc. 37).

On February 15, 2013, Kaba filed the Motion, which seeks a new trial as to Count Three only. The Motion asserts that the jury instructions as to Count Three were deficient under the standard set by *Flores-Figueroa v. United States*, 556 U.S. 646 (2009). (Motion, p.2). Specifically, the Motion asserts that the jury instructions as to Count Three failed to charge the jury that, in order to convict Kaba as to Count Three, they had to find that the Government had proved, <u>beyond a reasonable doubt</u>, that Kaba "knew [that] the means of identification belonged to another person." (*Id.*)

The Government, in opposition, states that the Motion is untimely. (Opposition, pp. 2-3). In a footnote, the Government also states that the instructions given were proper, and that no objections to the instructions were raised at trial. (*Id.*, p.2, fn.4).

II. **STANDARD.**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Under Rule 33, the Court "may weigh the evidence and consider the credibility of witnesses."

2

*United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir. 1985). However, "[t]he court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*. at 1312-13. Motions for new trials should be granted "sparingly," and only granted in "those really 'exceptional cases.'" *Id*. at 1313.

### III.   THE MOTION IS UNTIMELY.

Rule 33(b) sets out the time limits for filing a motion for new trial:

> (b) Time to File.
>    (1) Newly Discovered Evidence.
>    Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.
>    (2) Other Grounds.
>    Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Additionally, these time limits are strictly applied and may not be extended by the district court for reasons other than those set out in Rule 33. *Eberhart v. U.S.*, 546 U.S. 12, 13, 126 S.Ct. 403, 403 (2005):

> Federal Rule of Criminal Procedure 33(a) allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires." But "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within [14] days

3

after the verdict or finding of guilty, or within such further time as the court sets during the [14]-day period." Rule 33(b)(2). This deadline is rigid. The Rules provide that courts "may not extend the time to take any action under [Rule 33], except as stated" in Rule 33 itself. Rule 45(b)(2)."

(alterations changing 7 days to 14 days supplied).

Kaba's verdict was entered on August 23, 2012. The Motion was filed on February 15, 2013, and is not based on newly discovered evidence. Thus, it is subject to the 14-day time limit set out in FED.R.CRIM.P. 33(b)(2). Because the Motion was not filed within that time limit, nor did this court set a "further time,"[1] the pending Motion is untimely. FED.R.CRIM.P. 33(b)(2). The Government has specifically objected to the untimeliness of the Motion.[2]

Unless the Government has forfeited the time limit set out in Rule 33(b)(2),[3] "[a] court may not consider motions for new trial based on any other argument than newly discovered evidence outside the [14]–day period. 'This deadline is rigid .... [C]ourts 'may not extend the time to take any action under [Rule 33], except as stated' in Rule 33 itself.' *U.S. v. Campa*, 459 F.3d 1121, 1154 (11th Cir. 2006)

---

[1] Defendant never requested an extension of the deadline.

[2] *See* doc. 57, pp. 2-3.

[3] *See Eberhart*, 126 S.Ct. at 407 (Government forfeited its untimeliness defense to Defendant's motion for a new trial when Government failed to raise untimeliness until after the District Court had reached the merits of the Defendant's motion).

4

(footnotes omitted) (alterations other than first and second alteration in original) (quoting *Eberhart,* 126 S.Ct. at 403).

## V. CONCLUSION.

For the reasons stated above, the court finds that the Defendant's Motion for A New Trial (doc. 55) is due to be, and hereby is, **DENIED** as untimely.

**DONE** and **ORDERED** this the 22nd day of February, 2013.

                                                                          _____
                                                                          **VIRGINIA EMERSON HOPKINS**
                                                                          United States District Judge